## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Marina Shron | ) | |
| 416 East 74th Street | ) | |
| New York, NY 10021 | ) | |
| | ) | |
| Plaintiff, on behalf of herself | ) | |
| and similarly-situated others. | ) | **Case No. 1:19-cv-06718** |
| | ) | |
| v. | ) | |
| | ) | |
| LendingClub Corporation | ) | **Class Action Complaint** |
| 595 Market Street, Suite 200 | ) | |
| San Francisco, CA 94105 | ) | **Jury Trial: Yes** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW THE PLAINTIFF, on behalf of herself and similarly-situated others, sue the Defendant, LendingClub Corporation, also doing business as Lending Club ("Defendant" or "LendingClub") and alleges the following:

### Nature of the Case

The Plaintiff brings this action, *inter alia,* to address breaches of contract and misrepresentations and omissions committed by LendingClub in connection with Defendant's business operation. LendingClub knows beyond a shadow of a doubt that consumers are not aware of hidden up-front fees that the Defendant charges in connection with its loan agreements. LendingClub falsely misled the Plaintiff and similarly situated others into believing that they were borrowing a specific amount of funds with "no additional fees." However, the amount of loan funds received by the Plaintiff and similarly situated others was significantly lower than the amount promised by the Defendant due to hidden up-front fees that LendingClub deducts from consumers' loan proceeds. The Plaintiff relied

1

upon the Defendant's representation that she would receive the full agreed upon loan amount, and she was severely harmed when she received less. While LendingClub causes only a portion of the agreed upon loan amount to be disbursed to consumers like the Plaintiff, the Defendant demands that consumers repay the full loan amount, which is hundreds or even thousands of dollars more than the amount actually disbursed to consumers.

The Defendant also charges consumers like the Plaintiff interest on the full amount of the loan despite the fact that the consumers receive less than such amount. This resulted in the Plaintiff and similarly situated others paying a higher rate of interest on the loan than the rate agreed to at the time the loan agreement was formed. The Defendant led the Plaintiff to believe that she would be paying a specific interest rate on the borrowed funds, but then charged a higher rate.

LendingClub's persistent and systematic deception constitutes consumer fraud, violates New York General Business Law §349 and §350, et seq., violates the Truth in Lending Act, and is in direct and material breach of the Plaintiff's contract with Defendant.

### Jurisdiction and Venue

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction pursuant to 15 U.S.C. § 1640.

2. This Court also has jurisdiction pursuant to the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d) because this case is a class action, the class has more than 100 members, the amount in controversy exceeds $5,000,000.00, and Plaintiff is a citizen of a different state than Defendant. The Defendant is a corporation, which is domiciled in the States of California and Delaware. The representative Plaintiff is a citizen of New York.

3. Personal jurisdiction and venue in this judicial district are proper in that the Defendant has continuous and systematic operations in New York, including in this district, where

the Defendant operates in a manner that violates the law consistent with Plaintiff's allegations herein. The representative Plaintiff resides in this district and the Defendant regularly conducts business in this district.

## Factual Allegations

4.  The representative Plaintiff in this action is a citizen of the United States who resides in New York.

5.  Plaintiff is a "natural person" and a "consumer" as that term is defined under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602(i).

6.  Plaintiff's loan was for the purpose of paying down credit card debt, and involved the extension of credit.

7.  LendingClub regularly extends consumer credit subject to a finance charge and is a "creditor" as that term is defined under TILA, e.g. 15 U.S.C. § 1602(g).

8.  LendingClub transacts business throughout the United States. Defendant does regular business in the State of New York and in this judicial district. At all times relevant to this Complaint, LendingClub advertised, marketed and distributed personal loans to consumers throughout the United States, including in this judicial district.

9.  Defendant offers consumer loans online through its website. LendingClub has advertised, marketed, and distributed personal loans to consumers, such as the Plaintiff, throughout the United States.

10. Defendant advertises its loan offerings and handles consumer interactions during the life of the application and loan, including but not limited to application processing, assessment of creditworthiness, and loan servicing.

11. LendingClub fraudulently induced the Plaintiff and similarly situated others to enter into

3

loan agreements by promising "no hidden fees," but when the Plaintiff received the loan funds, the amount was thousands of dollars less than the full amount promised by the Defendant due to hidden fees. Instead of distributing the full loan amount as promised, LendingClub charged hidden up-front fees, which were not agreed to by the Plaintiff, and then deducted amounts from the Plaintiff's loan proceeds in total breach of the parties' agreement.

12. Upon information and belief, the Defendant's own compliance department has warned LendingClub that Defendant's concealment of up-front fees is likely to mislead consumers.

13. LendingClub advertises via email, mail, television, radio, and online, among other ways. In such advertisements, Defendant prominently represented to Plaintiff and similarly situated others that "no hidden fees" would be charged in connection with the loan. LendingClub represented that the loan proceeds would go into the consumer's account with "no hidden fees." The Defendant's representations were completely false. LendingClub charged the Plaintiff and similarly situated others hidden origination fees. Defendant deducts the hidden up-front fee from the promised loan amount before disbursing the loan funds to the consumer. As a result, the amount of money that LendingClub disburses to a consumer's bank account is always substantially smaller than the promised loan amount. And because consumers must pay interest on the entire loan amount, including the fee, LendingClub's hidden fee leaves consumers paying interest on principal that they never received.

14. Consumers who view the Defendant's online, mail, or television advertisements or hear Defendant's radio advertisements are directed to apply for Defendant's loans by visiting Defendant's website, www.lendingclub.com.

4

15. When the Plaintiff and similarly situated others visited the Defendant's website to apply for a personal loan, they were presented with questions including, 1) "How much do you need?" and 2) "What's the money for?" The first step in applying for a personal loan on the Defendant's website is inputting a response to such questions and clicking a button that states "Check Your Rate." The Plaintiff answered the questions on the Defendant's website and clicked the button in order to proceed to the next step in the loan application process.

16. The Defendant asked the Plaintiff and similarly situated others a series of questions and conducted a credit pull on the Plaintiff's credit report in order to evaluate whether she met Defendant's baseline lending criteria.

17. LendingClub determined that the Plaintiff met its baseline lending criteria and presented the Plaintiff with loan offers. The Defendant made the loan offers through its website.

18. The Defendant offered the Plaintiff a specific loan amount, and represented that "no hidden fees" would be charged. Those representations were prominently displayed. Also, an icon of a smiling masked bandit accompanied the Defendant's "no hidden fees" representation. The Defendant also offered a specific monthly payment amount, a specific number of monthly payments, and a fixed annual interest rate ("Interest Rate").

19. The Defendant led the Plaintiff to believe that the offered Interest Rate was the total cost of borrowing the funds, and explicitly represented that "no hidden fees" would be imposed. However, the Defendant charged the Plaintiff a hidden up-front fee and deducted that amount from the Plaintiff's loan proceeds.

20. On the Defendant's webpage where the loan offers were made, the word "APR"[1] appeared beside a small dot with a question mark inside. Upon information and belief, LendingClub describes this dot as the "tooltip." If a consumer clicks on the tooltip, a pop-up bubble appears containing small-print text. At the bottom of the pop-up bubble, the inconspicuous small-print text mentions an origination fee that is collected out of the consumer's loan proceeds. If a consumer does not click on the tooltip, the pop-up bubble does not appear, and there is no other disclosure on the loan offer webpage from which a consumer could learn of the existence of the origination fee. A consumer is not required to click on the tooltip in order to complete the loan application or to enter into the loan agreement. The Plaintiff was unaware of the existence of the tooltip, which was small and inconspicuous. The Plaintiff did not click on the tooltip and she did not read any of the small and inconspicuous text that would have appeared had she clicked it. None of the text that the Defendant hid within the tooltip became part of the parties' bargain.

21. The Defendant failed to give the Plaintiff any notice that she could access additional information by clicking the tooltip. The Defendant completely failed to warn the Plaintiff that the tooltip contained material information relating to the total cost of the loan, among other things. The Defendant intentionally hid the origination fee from the Plaintiff. The Plaintiff would not have entered into the loan agreement had she known the truth about the cost of borrowing the money.

22. When the Plaintiff went online to apply for the loan, the information communicated to her was deliberately limited by LendingClub. The Plaintiff had no notice that the tooltip contained a concealed message. The Defendant gave the Plaintiff no reason or incentive

---

[1] APR stands for annual percentage rate, but the words "annual percentage rate" did not appear on the Defendant's webpage where the loan offer was made to the Plaintiff. LendigClub completely failed to inform the Plaintiff what APR stands for or what it means. The Defendant failed to inform the Plaintiff that she would be forced to pay the APR, which is higher than the offered Interest Rate. Instead, LendingClub represented to the Plaintiff that the Interest Rate would be the total cost of the loan and that there are "no hidden fees."

to click on the tooltip, as the Defendant provided no information or explanation as to what the tooltip was or that it would provide information if clicked on. The tooltip was so small and inconspicuous that the Plaintiff did not even realize that it existed at the time of contracting. The Plaintiff was not required to check any box or to take any other steps indicating an agreement to an origination fee or any other information contained within the tooltip. The Plaintiff was also not required to click on any hyperlink leading to additional terms and conditions. The Plaintiff only agreed to the terms offered to her by the Defendant, which did not include an origination fee.

23. On the Defendant's webpage where the loan is offered, the Plaintiff and similarly situated consumers were presented with the following: 1) a prominently displayed representation that "no hidden fees" would be imposed, 2) a loan amount, 3) an Interest Rate, and 4) the length of the loan and the monthly payment amount.  A consumer may accept the offered terms by clicking a button. When the Plaintiff clicked the button to accept the offer, she was sent to a webpage that asked for additional information such as the Plaintiff's phone number and social security number. After entering the required information and clicking the button to advance to the next webpage, the Plaintiff and similarly situated consumers were sent to a webpage that, upon information and belief, was titled Loan Rate & Terms. The Plaintiff did not see anything about an up-front fee on that webpage. Upon information and belief, an up-front fee is only disclosed by the Defendant at the bottom of that page as part of an inconspicuous and unbolded itemization that appears sandwiched between more prominent, bolded paragraphs. The inconspicuous and unbolded list appeared "below the fold," such that the consumer would need to scroll down in order to see it. Instead of prominently disclosing the up-front fee, the Defendant hid it at the bottom of the webpage in a place that was not obvious to the Plaintiff and in a location where the Plaintiff was not even required to see in order to complete the loan application.

The Defendant did not mention the up-front fee anywhere other than this location and within the tooltip discussed above. In both instances, the up-front fee disclosure was inconspicuous and intentionally hidden. As a result of the Defendant's failure to provide clear and conspicuous notice of the origination fee, the Plaintiff never saw or learned of the fee. The Plaintiff certainly never agreed to the fee.

24. LendingClub had the capabilities of providing *mandatory* hyperlinks to terms, a *mandatory* "tooltip" to terms, boxes to check indicating agreement, and requiring approval of terms and conditions as a prerequisite for borrowing the money. The Defendant deliberately chose not to utilize any of these capabilities to warn the Plaintiff about an up-front fee, which further evinces an intent to deceive the Plaintiff. Instead of clearly warning the Plaintiff about an origination fee, the Defendant led her to believe that no fees would be imposed and expressly represented in a conspicuous manner that "no hidden fees" would be charged.

25. The Plaintiff used her laptop computer to apply for the loan. Upon information and belief, the loan application process and the manner in which the terms are offered and displayed on the Defendant's website are substantially the same whether a consumer is using a computer or a mobile device, except for that the "tooltip" does not appear on the Defendant's mobile website. Instead, if a consumer using a mobile device taps on the word APR while on the Defendant's loan offer webpage, the consumer would be shown a pop-up bubble similar to that shown to a consumer viewing the loan offer webpage on a computer who clicks on the tooltip. Otherwise, the pop-up bubble would not appear and the consumer would have no knowledge or notice of the intentionally hidden up-front fee. On a mobile device, the loan offer page also does not mention anything about fees, other than the representation, "no hidden fees."

26. Based on the Defendant's conduct, the surrounding circumstances, and the representations made, the Plaintiff reasonably and justifiably expected that no origination fees would be imposed and that the total cost of credit was the agreed upon Interest Rate. Despite promising the Plaintiff that its loans contain "no hidden fees," Lending Club hid an up-front fee from the Plaintiff and then charged her for the same. In other words, the Defendant hid the origination fee while leading the Plaintiff to believe that no fees would be imposed. The Defendant intentionally chose to hide the up-front fee while promising that "no hidden fees" would be imposed. The Plaintiff reasonably and justifiably relied upon the Defendant's promise that "no hidden fees" would be imposed, and she reasonably expected that the total cost of credit would be the offered Interest Rate. The Defendant's offer did not contain any finance charges other than the agreed upon Interest Rate, and the Plaintiff fully expected that no additional finance charges would be imposed.

27. Lending Club deducted the hidden up-front fee from the promised and agreed upon loan amount before disbursing the loan funds to the Plaintiff, which resulted in the Plaintiff receiving significantly less loan funds than the amount promised by the Defendant. Despite disbursing less than the promised amount of funds to the Plaintiff, the Defendant demanded that the Plaintiff pay interest on the full agreed upon loan amount. As a result, the Plaintiff was forced to pay interest on principal that she never received.

28. The Plaintiff was not aware of the hidden up-front fee and expected to receive the full loan amount promised by Defendant.

29. Lending Club knows that consumers are unaware of the hidden up-front fee and that borrowers expect to receive the full loan amount promised. Upon information and belief, Defendant's training materials for customer service representatives list "I didn't receive

the full loan amount" as one of the two main post-disbursement complaints that representatives should be prepared to address. Upon information and belief, the Defendant's quarterly complaint reviews have proposed "highlighting [the] origination fee" to address complaint volumes. Upon information and belief, LendingClub's internal compliance reviews repeatedly cite the concealment of the fee as a significant problem for consumers. For instance, upon information and belief, one compliance review noted: "The origination fee is disclosed on the offer page tooltip, but is not readily apparent unless an applicant clicks on the tooltip. This omission could be perceived as deceptive as it is likely to mislead the consumer." Moreover, upon information and belief, one of Defendant's investors warned Defendant that the up-front fee "is not clear and conspicuous and could be subject to a UDAAP claim," referring to an unfair or deceptive acts and practices claim.

30. The Plaintiff was fraudulently induced to enter into a loan agreement with the Defendant as a result of LendingClub's misrepresentations and omissions as to the total cost of the loan. The Defendant knows to a certainty that it deceives consumers by hiding the origination fee and by representing that "no hidden fees" will be imposed. A significant part of the fraud is that LendingClub knows that it invariably withholds the information regarding the surprise up-front fees from consumers.

31. Lending Club hid fees from the Plaintiff and other potential borrowers at the time of contracting. Therefore, the fraudulent fees - which the Plaintiff became aware of only after receiving the loan funds - are not and do not become part of the bargain between LendingClub and the Plaintiff.

32. LendingClub intentionally hid fees from the Plaintiff during the loan application process in order to fraudulently induce her to borrow money. Lending Club's practices are

10

designed to trap the Plaintiff and similarly situated consumers into paying fees that they do not expect to incur at the time of contracting. LendingClub counts on the fact that consumers will not be aware of the deceit and that they will be forced by the Defendant to pay for new and unexpected finance charges over and above the agreed upon amount.

33. Plaintiff Marina Shron applied for a loan through LendingClub on August 10, 2018. Ms. Shron applied for the loan online through the Defendant's website. During the application process, the Plaintiff spoke with a LendingClub customer service representative over the telephone. On August 10, 2018, LendingClub sent an email to the Plaintiff stating: "Not only has your application been pre-qualified, multiple loan offers are now competing for your attention." The Plaintiff reviewed the offers made by the Defendant and spoke to a LendingClub customer service representative about the same. LendingClub offered and the Plaintiff accepted a personal loan containing the following terms: 1) Loan Amount: $35,000.00; 2) Loan Term: 60 Months; and 3) Fixed Interest Rate: 22.35%. The Plaintiff accepted that loan offer on August 20, 2018. LendingClub's offer to the Plaintiff did not contain any language about an origination fee. And, LendingClub's website and advertising materials explicitly stated "no hidden fees." Also, LendingClub's customer service representative did not mention anything to the Plaintiff about an origination fee. Instead, the customer service representative assured the Plaintiff that there would be no hidden fees. The Defendant's customer service representative told the Plaintiff that the Interest Rate was the total cost of the loan and that there were no hidden fees. The customer service representative also told the Plaintiff that the Interest Rate would be the only finance charge that the Plaintiff would be required to pay. The customer service representative also told the Plaintiff that the Interest Rate was fixed and that she would never be required to pay a higher rate. LendingClub's representations turned out to be false, as the Defendant charged the Plaintiff an origination fee and imposed an APR that

was higher than the offered Interest Rate. The customer service representative did not mention anything about an origination fee or an APR. Also, the customer service representative did not mention anything about a tooltip on the Defendant's website. The customer service representative failed to warn the Plaintiff that the tooltip contained material information relating to the total cost of the loan that could only be accessed by clicking the tooltip. Based on the Plaintiff's conversations with the customer service representative(s) and other representations made by the Defendant, the Plaintiff reasonably and justifiably expected that no origination fee would be imposed and that the total cost of the loan would be the agreed upon fixed Interest Rate. However, the Defendant charged the Plaintiff a $2,100.00 origination fee and deducted that amount from the loan proceeds. As a result, the Plaintiff ended up receiving only $32,900.00 of the promised $35,000.00 loan amount. The Plaintiff was fully expecting to receive the full loan amount promised and she was severely harmed by receiving less. Even after the partial loan amount was disbursed, LendingClub still insisted that Ms. Shron received the full $35,000.00 loan amount. Indeed, in an email to the Plaintiff dated August 27, 2018, LendingClub stated: "Now that you've received your $35,000 loan to pay off your credit cards, do you know someone who should also join the club?" The purpose of the loan was to pay off credit card debt. The Plaintiff wished to consolidate her debt and to secure a fixed rate of interest that was lower than the rate she was paying on her credit cards. The credit card companies were charging the Plaintiff an interest rate of approximately 23% on average. LendingClub offered and the Plaintiff agreed to a fixed Interest Rate of 22.35%. Despite promising Ms. Shron a fixed interest rate of 22.35%, the Defendant forced Ms. Shron to pay a rate of interest that exceeds 25%. By charging Plaintiff a rate of interest that exceeds the amount that she was paying on her credit cards, LendingClub frustrated the purpose of the loan. In other words, LendingClub induced the Plaintiff to

12

borrow the funds by telling her that she would be able to reduce the amount of interest she was paying on her credit cards, and then charged her an interest rate that exceeded the rate that she was paying on her credit cards. LendingClub breached its agreement with Plaintiff, and defrauded her, by forcing her to pay an origination fee and a rate of interest over and above the amounts agreed to at the time of contracting. The Plaintiff was astonished when she discovered the Defendant's deception and breaches. Ms. Shron requested that LendingClub return the origination fee to her, but the Defendant refused. Also, the Defendant promised Ms. Shron that she would be able to participate in a hardship program that would enable her to make smaller monthly payments if she suffered a loss of income. This representation, which the Plaintiff relied upon when deciding to enter into the loan agreement with Defendant, turned out to be false. The Plaintiff attempted to participate in a hardship program when she experienced a loss of income in or around March 2019. The Plaintiff requested numerous times to be enrolled in the promised hardship program so that she could lower her monthly payments, but the Defendant completely refused even though the Plaintiff qualifies based on the Defendant's representations about the hardship program. LendingClub's conduct caused the Plaintiff significant financial harm and severe emotional distress.

34. The Plaintiff would not have entered into a loan agreement with Defendant had she known that LendingClub misrepresents information about its finance charges, among other things.

35. This action is maintainable as a class action. The Plaintiff believes that the class that she proposes to represent is so numerous that joinder of all members is impracticable. The Plaintiff asserts that thousands of consumers have been, and are being, impacted by the Defendant's actions. There are questions of law and fact common to the class, and the

claims of the named Plaintiff are typical of the claims of the class. The Plaintiff will fairly and adequately protect the interests of the class.

**Plaintiff's Class**

36. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Marina Shron brings this class action and seeks certification of the claims and certain issues in this action on behalf of herself and on behalf all other persons similarly situated.

37. Plaintiff seeks to represent four classes: 1) a TILA class (a nationwide class on whose behalf she seeks statutory damages); 2) a New York General Business Law class (on whose behalf she seeks actual and statutory damages); 3) a Breach of Contract class (on whose behalf she seeks actual damages); and 4) a Fraud class (on whose behalf she seeks punitive damages).

38. The TILA class is defined as follows:

> *All persons who contracted with LendingClub for a loan during the period extending from July 18, 2018 through and to the filing date of this Complaint and who were required to pay a higher rate of interest and/or required to pay additional finance charges such as origination fees in connection with the loan, over and above the contracted amount.*

39. The New York General Business Law class is defined as follows:

> *All New York State Residents who contracted with LendingClub for a loan during the period extending from July 18, 2016 through and to the filing date of this Complaint and who were required to pay a higher rate of interest and/or required to pay additional finance charges such as origination fees in connection with the loan, over and above the contracted amount.*

40. The Breach of Contract class is defined as follows:

> *All persons who contracted with LendingClub for a loan during the period extending from July 18, 2013 through and to the filing date of this Complaint and who were required to pay a*

14

> *higher rate of interest and/or required to pay additional finance charges such as origination fees in connection with the loan, over and above the contracted amount.*

41. The Fraud class is defined as follows:

> *All persons who contracted with LendingClub for a loan during the period extending from July 18, 2013 through and to the filing date of this Complaint and who were required to pay a higher rate of interest and/or required to pay additional finance charges such as origination fees in connection with the loan, over and above the contracted amount.*

42. Plaintiff reserves her right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

43. Defendant's breaches, fraudulent representations and omissions were applied uniformly to all members of the Class, including any subclass arising out of the claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

44. All members of the Class and any subclass were and are similarly affected by the breach of contract and the fraudulent misrepresentations and omissions. The relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

## COUNT ONE
### NYGBL §349 and §350, *ET SEQ.*
### Deceptive or Misleading Practices

45. The Plaintiff re-alleges the allegations made above and in this Complaint and incorporates the same by reference as if fully set forth herein, and further states:

46. For that the Defendant LendingClub engaged in conduct that was consumer oriented and did so in a manner, which was materially deceptive and misleading to consumers, and this conduct caused the Plaintiff harm. Specifically, the Defendant made misrepresentations

and omissions regarding its finance charges and the total cost of the loan that fraudulently induced Plaintiff to enter into the loan agreement with the Defendant.

47. The Defendant materially misled the Plaintiff in the manner discussed above, including by failing to conspicuously disclose information regarding the total cost of the loan, the amount of its origination fees and other charges, the rate of interest on the loan, and the amount of loan funds that the Plaintiff would receive. The Defendant intentionally hid information related to its finance charges in order to fraudulently induce the Plaintiff to enter into the loan agreement.

48. The Defendant represented to the Plaintiff that the loan would allow her to pay off credit card debt and save money by reducing her rate of interest. However, as a result of entering into the loan agreement with Defendant, the Plaintiff is now stuck paying a higher interest rate than she was paying on her credit cards. If the Plaintiff does not pay LendingClub the higher amounts, then her credit score and financial condition will suffer. Ms. Shron has no choice but to pay the extorted amounts.

49. As a result of Defendant's misrepresentations and omissions, Plaintiff suffered significant losses, including funds expended on unforeseen fees and finance charges. In engaging in its deceptive conduct, LendingClub completely frustrated the purpose of the loan. Also, by contracting with LendingClub, the Plaintiff forwent other borrowing opportunities that she is now unable to take advantage of. The Defendant's conduct has also harmed the Plaintiff's credit score and financial condition.

## COUNT TWO
### Breach of Contract

50. The Plaintiff re-alleges the allegations made above and in this Complaint and incorporates the same by reference as if fully set forth herein, and further states:

51. The Defendant offered to the Plaintiff a personal loan in the amount of $35,000.00, which the Plaintiff accepted. The Defendant offered to the Plaintiff a fixed annual Interest Rate of 22.35%, which the Plaintiff accepted. The Plaintiff agreed to pay back the loan in 60 monthly installments. The Plaintiff fulfilled its promise and performed the contract by tendering to the Defendant the full, agreed, monthly amounts contemplated under the contract. The parties' agreement contemplated that no additional fees would be paid, including for origination fees, and the Plaintiff fully understood and reasonably expected that additional fraudulent charges would not be imposed. The Defendant breached the parties' agreement by fraudulently forcing Plaintiff to pay additional fees, including but not limited to origination fees.

52. The Defendant also breached the contract by forcing the Plaintiff to pay a higher rate of interest than what was agreed to at the time of contracting. LendingClub promised that the fixed rate of interest would be 22.35%, but then charged the Plaintiff a 25.41% rate of interest. Not only was this conduct a breach of contract, but also it completely frustrated the purpose of the contract.

53. The Defendant represented that the total cost of the loan would be the 22.35% fixed annual rate of interest. LendingClub prominently represented that "no hidden fees" would be imposed. However, the Defendant charged the Plaintiff a hidden origination fee of $2,100.00 and deducted that amount from the Plaintiff's loan proceeds. As a result, the Plaintiff only received $32,900.00 of the promised $35,000.00 loan amount. LendingClub breached the contract by failing to disburse the full agreed upon loan amount. Even though LendingClub only disbursed $32,900.00, the Defendant charged the Plaintiff interest on the full $35,000.00 loan amount. Based on the circumstances and the representations made, a reasonable consumer would believe that the total cost of the loan was the 22.35% Interest Rate and that no origination fee or any other finance charge would be imposed.

54. In material breach of the agreement with the Plaintiff, LendingClub forced the Plaintiff to pay a $2,100.00 origination fee and demanded that Plaintiff pay a 25.41% rate of interest instead of the agreed upon 22.35% rate of interest.

55. After the Plaintiff's loan proceeds were disbursed and after she learned about the fraudulent origination fee, Ms. Shron demanded that LendingClub reverse the charge and disburse the rest of the promised loan amount, but LendingClub refused to issue Plaintiff a refund of the illegally obtained amounts. The Plaintiff attempted to cancel the loan when she realized the nature of the fraud, but LendingClub refused.

56. As a result of LendingClub's breaches, the Plaintiff suffered significant losses, including funds expended on the unexpected and extorted fees and charges. LendingClub's breaches completely frustrated the purpose of the loan. The Plaintiff has also lost other borrowing opportunities as a result of the Defendant's egregious conduct. The Defendant's conduct has also harmed the Plaintiff's credit score and financial condition.

## COUNT THREE
### Truth In Lending Act, 15 USC §§1601 et seq. ("TILA")

57. The Plaintiff re-alleges the allegations made above and in this Complaint and incorporates the same by reference as if fully set forth herein, and further states:

58. LendingClub is a creditor within the meaning of the TILA, 15 USC § 1602(g) and the relevant implementing regulations set forth in Regulation Z.

59. The personal loans in question are consumer credit transactions within the meaning of the TILA, 15 USC § 1602.

60. Plaintiff was not provided disclosures that conform with the obligations under the TILA and Regulation Z.

61. Specifically, the finance charge, APR and total of payments disclosed in the installment

18

contract are all materially misstated, in violation of TILA § 1638(a)(3) through (5) and Regulation Z, e.g. §226.18(b) and (d).

62. Whereas the Plaintiff's fixed rate contract and the disclosures made to her by the Defendant set forth a specific interest rate, the Plaintiff was effectively charged a higher rate due to LendingClub's hidden fees. Also due to the hidden origination fee, LendingClub's disclosure regarding the amount financed was incorrect. LendingClub promised that the Plaintiff's loan would be for $35,000.00, but the Plaintiff only received $32,900.00 from the Defendant.

63. The origination fees and the rate of interest that LendingClub is charging the Plaintiff and similarly situated others are not authorized by the contracts at issue. Defendant thereby violated the TILA, e.g. 15 USC § 1638(a).

64. LendingClub failed to provide required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(a-b) and Regulation Z § 226.17(b).

65. LendingClub failed to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

66. The TILA violations set forth herein were willful, intentional, frequent and persistent.

67. As a result of these violations, pursuant to 15 USC § 1640, LendingClub is liable for statutory damages, costs and attorney's fees.

## COUNT FOUR
### FRAUD

68. The Plaintiff re-alleges the allegations made above and in this Complaint and incorporates the same by reference as if fully set forth herein, and further states:

69. LendingClub knew, and knows, beyond a shadow of a doubt that consumers are not aware of hidden up-front fees that the Defendant charges in connection with its loan agreements. LendingClub fraudulently misled the Plaintiff and similarly situated others

into believing that they were borrowing a specific amount of funds with "no hidden fees." LendingClub omits the significant and material fact that consumers will be hit with unexpected origination fees.

70. Further, to induce the Plaintiff to enter into the loan agreement, Defendant made numerous representations as to material facts that were false, and Defendant made numerous material omissions. Defendant induced the Plaintiff to enter into the loan agreement with the knowledge that what she would ultimately pay would be significantly higher than the cost represented.

71. LendingClub acted intentionally, and acted with actual malice or its functional equivalent. It knew, or acted with reckless disregard for the truth, as to all of the material misrepresentations alleged in this Complaint.

72. LendingClub knew, or acted with reckless disregard for the truth, as to all of the material omissions alleged in this Complaint.

73. LendingClub knew and intended that the Plaintiff would rely on LendingClub's deceptive and misleading representations in Plaintiff's decision to enter into a loan agreement with the Defendant.

74. LendingClub knew that the Plaintiff would rely on the information provided to her by the Defendant in Plaintiff's decision to enter into a loan agreement with LendingClub, which intended to influence Plaintiffs' decision by omitting material information.

75. The Plaintiff justifiably and reasonably relied on LendingClub's false and misleading representations and omissions in deciding to enter into a loan agreement with Defendant.

76. In deciding to enter into the agreement with LendingClub, the Plaintiff reasonably and justifiably believed that Defendant was providing all material information, and Plaintiff's decision was influenced by LendingClub's omissions.

77. Plaintiffs' reliance on LendingClub's misrepresentations caused her significant, specific harm, as explained throughout this Complaint.

### COUNT FIVE
### Unjust Enrichment

78. The Plaintiff re-alleges the allegations made above and in this Complaint and incorporates the same by reference as if fully set forth herein, and further states:

79. For that LendingClub was enriched by extracting and demanding amounts - over what the parties agreed to - and forcing the Plaintiff to pay such amounts for fraudulent and unexpected fees and charges.

80. Equity and good conscience dictate that LendingClub make full restitution, especially under the circumstances of this case. Thousands of unsuspecting Plaintiffs were deceived by LendingClub and forced to pay unexpected and significant charges that they never did, or would ever, agree to.

### Prayers for Relief As to All Counts

**WHEREFORE**, your Plaintiff respectfully prays that this Honorable Court:

- Order that LendingClub pay punitive damages in the amount of $100,000,000.00;

- Order that the Defendant discontinue its violations of New York General Business Law §349, §350, et. seq. FORTHWITH;

- Require the Defendant to **conspicuously** inform consumers that it charges an origination fee;

- Require the Defendant to **conspicuously** disclose to consumers the amount of its origination fee;

- Require the Defendant to **conspicuously** disclose to consumers, in detail, all of the fees, finance charges, and/or costs that a consumer will or may incur in connection with the loan;

- Order the Defendant to pay compensatory damages on account of Defendant's deceptive practices and breaches of contract;

- Order the Defendant to pay consequential damages;

- Order the Defendant to reimburse Plaintiffs, named and putative, for any fees and/or charges paid over the agreed contract amount;

- Order the Defendant to reimburse the Plaintiff and similarly situated others for any and all origination fees and/or up-front fees paid;

- Order the Defendant to cease charging the Plaintiffs a higher rate of interest on the loans than what was agreed to;

- Order the Defendant to reimburse Plaintiffs for monies paid in connection with the loan as a result of LendingClub's deceptive practices and breaches of contract;

- Order that Defendant pay for Plaintiffs' emotional suffering and harm;

- Order that Defendant pay attorney's fees, costs of suit, and statutory damages and fines; and

- Grant your Plaintiffs any such other and further relief as to this Court may appear just and proper.

## JURY TRIAL DEMAND

The Plaintiff respectfully requests a jury trial on all of the factual and legal issues that may be tried by a jury in the above-captioned action.

Respectfully Submitted,

THE PLAINTIFF,

BY:_____/s/_____
      Her Counsel
      Gregory Allen, Esq.
      Law Office of Gregory Allen
      60 Joyce Court
      Milford, CT 06461
      greg@gjallenlaw.com
      Tel 203-535-4636

Dated: July 18, 2019