UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARINA SHRON, on behalf of herself and similarly-situated others,<br><br>       Plaintiff,<br><br>  v.<br><br>LENDINGCLUB CORPORATION,<br><br>       Defendant. | Case No. 1:19-cv-06718<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO VACATE ORDER** |

## PRELIMINARY STATEMENT

Plaintiff Marina Shron ("Shron") and Defendant LendingClub Corporation ("LendingClub") jointly and respectfully request that the Court vacate its July 13, 2020 Order denying arbitration (ECF 23 ("Order")), pursuant to the Court's authority under Federal Rule of Civil Procedure 54(b). After a mediation conducted under the Second Circuit's Civil Appeals Mediation Program ("CAMP"), the parties have agreed to settle this matter. Vacating the Order will facilitate that settlement as the settlement makes such vacatur a necessary condition of settlement.

## PROCEDURAL BACKGROUND

Shron filed her Class Action Complaint in this matter on July 18, 2019. ECF 1. LendingClub thereafter moved to compel Shron to arbitrate her dispute and to stay this action pending completion of that arbitration. ECF 10. After the Court denied LendingClub's motion on July 13, 2020 (ECF 23), LendingClub filed an interlocutory appeal to the Second Circuit pursuant to 9 U.S.C. § 16(a)(1)(A) & (B) (ECF 24).

Pursuant to the Second Circuit's rules, the parties participated in a CAMP mediation via teleconference on September 11, 2020. 2d Cir. App. 20-2594 Dkt. 26. During that mediation, the parties reached a settlement, in principle, of this litigation. The parties informed the Court of that development on September 25, 2020 (ECF 30), after which the Court adjourned the briefing schedule on LendingClub's anticipated motion to stay proceedings during the pendency of the appeal (ECF 31). On October 8, 2020, pursuant to the Second Circuit's Local Rule 42.1, the parties jointly stipulated to withdraw LendingClub's appeal without prejudice to its reinstatement by October 23, 2020. 2d Cir. App. 20-2594 Dkt. 38. The Second Circuit granted the stipulation as "So Ordered" on October 14, 2020. 2d Cir. App. 20-2594 Dkt. 46. Following a second mediation pursuant to the Second Circuit's CAMP program, held October 22, 2020, the parties further jointly

2

stipulated to extend the period during which LendingClub's appeal may remain withdrawn without prejudice to December 11, 2020.  2d Cir. App. 20-2594 Dkt. 48, 49.

The parties have subsequently agreed on the terms of their proposed settlement.  One of those terms conditions the settlement on this Court's vacatur of the July 13, 2020 Order.[1]  Shron and LendingClub therefore file this joint motion in aid of their proposed settlement.

## LEGAL STANDARD

"Under Fed. R. Civ. P. 54(b), district courts are "empowered to revisit and vacate ... any non-final order 'at any time before the entry of a judgment.'" *Export-Import Bank of Rep. of China v. Central Bank of Liberia*, 2017 WL 6398726, *3 (S.D.N.Y. Dec. 13, 2017) (quoting *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.,* 619 F.3d 207, 212 (2d Cir. 2010)).  "The standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacat[ur] of final judgments." *Persistence Software, Inc. v. The Object People, Inc.,* 200 F.R.D. 626, 627 (N.D. Cal. 2001); *cf. Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (even the more restrictive standard under Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice" and "should be liberally constructed when substantial justice will thus be served").

This Court has jurisdiction to vacate its prior order because the parties' so-ordered Rule 42.1 stipulation temporarily removes the appeal and returns jurisdiction to this Court.  Decisions from both the Second Circuit and district courts within the Circuit have all "recognized that so-

---

[1] Should the Court request additional information about the terms of the settlement, the parties request leave to file such information under seal solely for purposes of in camera review. *See Pullman v. Alpha Media Pub.,Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (recognizing that "[t]hough there is a common law presumptive right of access to judicial documents,. . . access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts") (quotation marks omitted).

ordered stipulations under the Local Rule restore jurisdiction to the district court even in the absence of a mandate, unless and until the appeal is reinstated." *Bedasie v. Mr. Z Towing, Inc.*, 2017 WL 6816331, *4 (E.D.N.Y. Dec. 21, 2017) (citing, among other cases, *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 80 (2d Cir. 2014) and *Sandy Hollow Assocs. LLC v. Incorporated Vil. of Port Wash. N.*, 2012 WL 273143, *2-3 (E.D.N.Y. Jan. 30, 2012)).

## ARGUMENT

"'Vacatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest.'" *Export-Import Bank*, 2017 WL 6398726, at *3 (quoting *IBM Credit Corp. v. United Home for Aged Hebrews,* 848 F. Supp. 495, 495-96 (S.D.N.Y. 1994) (granting vacatur of order denying summary judgment "presumably" under Rule 54(b), *Export-Import*, 2017 WL 6398726, at *6 n.1)). Vacating the Court's Order in aid of the parties' settlement agreement here is appropriate under this standard because it would serve the parties' interests in resolving their dispute via settlement, the public interest in the facilitation of settlements, and the public interest in judicial economy. In particular, vacatur would save judicial resources that would otherwise be expended on this litigation both before this Court and before the Second Circuit.

To begin with the parties' interests, both Shron and LendingClub would be well-served by vacatur that facilitates their settlement of the dispute that prompted this lawsuit on mutually-agreed-upon terms. The fact that this motion is made jointly evinces the parties' mutual benefit from vacatur in aid of their settlement. *See Export-Import*, 2017 WL 6398726, at *7.

As to the public interest in settlement, the Second Circuit, like other federal courts, recognizes a strong judicial policy in favor of settlement. *See, e.g.*, *In re Tronox Inc.*, 855 F.3d 84,106 (2d Cir. 2017). "The public has an interest in courts 'encouraging parties to settle disputes' and aiding that process through vacatur when appropriate." *Rogue Wave Software, Inc. v. BTI Sys., Inc.*, 2018 WL 6920770, *6 (S.D.N.Y. Dec. 14, 2018) (quoting *Keller v. Mobil Corp.*, 55

4

F.3d 94, 98-99 (2d Cir. 1995)).  Indeed, the Second Circuit has found vacatur appropriate even under the more demanding standard of Rule 60(b) that applies after final judgment, ruling that "exceptional circumstances" can call for vacating final decisions where needed to facilitate the parties' interest in settlement.  *See Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (vacating decision below where "a vacatur of the district court's order and opinion was a necessary condition of settlement"); *see also Mattel, Inc. v. Goldberger Doll Mfg. Co.*, No. 04-6432 (2d Cir. Nov. 20, 2006) (finding abuse of discretion in denial of vacatur of final judgment when settlement was entered into during pendency of appeal).

Turning to the interest in judicial economy, vacatur in aid of settlement would be particularly helpful in conserving judicial resources here.  The case is near its start and the interlocutory order at issue is subject to appeal to the Second Circuit.  Absent a settlement, the parties will need to proceed with that appeal, litigate LendingClub's pending motion in this Court for stay pending that appeal, and potentially pursue further proceedings in this Court on remand if the Order is not overturned.  Accordingly, vacatur in aid of settlement would help conserve the time and resources that both this Court and the Second Circuit would otherwise have to devote to this dispute.  As in other cases in which vacatur has been granted, "the case is young: a settlement will greatly conserve judicial resources and time, as well as the parties'."  *Export-Import*, 2017 WL 6398726, at *4.

No countervailing interest in maintaining the interlocutory Order outweighs these interests favoring vacatur.  The parties seek to vacate an interlocutory order, not a final judgment adjudicating their rights.  This Court's Order, which is limited to whether the relevant online contracts compelled arbitration on the specific facts here, did not evaluate the merits of any of the common law or statutory bases of Shron's claims or reach any decision regarding LendingClub's

5

liability.  While the public has an interest in the efficient administration of justice and therefore in judicial finality, "the public interest in the finality of judgments would scarcely be implicated" by vacating an interlocutory order that was subject to appeal at the time it was vacated.  *In re Take-Two Interactive Secs. Litig.*, 2008 WL 3884360, *1 (S.D.N.Y. Aug. 21, 2008) (vacating interlocutory discovery order in aid of settlement under the more demanding Rule 60(b) standard); *O'Connor v. Uber Techs., Inc.*, 2016 WL 6997166, *5 (N.D. Cal. May 2, 2016) (vacating interlocutory order denying motion to compel arbitration in aid of settlement under Rule 54(b) standard).

Because the parties are able to resolve their ongoing dispute by settlement, subject to the vacatur of this Court's interlocutory Order, the public policies in favor of settlement and judicial economy and the standards guiding this Court's decision of whether to vacate such a non-final order all strongly favor granting the parties' joint motion.

## CONCLUSION

The parties' respectfully request that the Court grant the parties' joint motion and vacate its July 13, 2020 Order.

Dated:  October 24, 2020         STROOCK & STROOCK & LAVAN LLP


                                 By:   */s/ Raymond A. Garcia*
                                       Raymond A. Garcia
                                       180 Maiden Lane
                                       New York, NY 10038-4982
                                       Telephone: 212-806-5485
                                       Email: rgarcia@stroock.com

                                       Arjun P. Rao
                                       2029 Century Park East, 18th Floor
                                       Los Angeles, CA 90067-3086
                                       Telephone: 310-556-5822
                                       Email: arao@stroock.com

Attorneys for Defendant
    LENDINGCLUB CORPORATION

Dated:  October 24, 2020        LAW OFFICES OF GREGORY ALLEN

By:  */s/ Gregory Allen*

Gregory Allen
60 Joyce Court
Milford, CT 06461
Telephone: 203-535-4636
Email: greg@gjallenlaw.com

Attorney for Plaintiff
    MARINA SHRON