```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MARINA SHRON, on behalf of herself and
similarly-situated others,

                       Plaintiff,

       -against-

LENDINGCLUB CORPORATION,

                       Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/30/2020_

19 Civ. 6718 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 13, 2020, the Court issued an order (the "July Order") denying Defendant LendingClub Corporation's ("LendingClub") motion to compel arbitration of Plaintiff Marina Shron's ("Shron") claims against it, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, on the basis that LendingClub failed to carry its burden of showing by a preponderance of the evidence that a valid agreement to arbitrate existed between the parties. ECF No. 23. LendingClub appealed the July Order. ECF No. 24. By letter dated September 25, 2020, the parties informed the Court that through the Mediation Program of the U.S. Court of Appeals for the Second Circuit, the parties had reached a settlement in principle of this action and the related appeal. ECF No. 30. The parties indicated that a contemplated term of the settlement was the submission of a motion to vacate the July Order, and the Court's vacatur of that order. *Id.* On October 24, 2020, the parties filed a joint motion to vacate the July Order. ECF No. 35.

Under Federal Rule of Civil Procedure 54(b), district courts are "empowered to revisit and vacate . . . any non-final order 'at any time before the entry of a judgment.'" *See Exp.-Imp. Bank of Rep. of China v. Cent. Bank of Liberia*, No. 15 Civ. 9565, 2017 WL 6398726, at *3 (S.D.N.Y. Dec. 13, 2017) (quoting *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010)); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). Courts in this district have held that the standard governing a motion to vacate under Rule 54(b) is less strict than the standard governing a motion to vacate a "final judgment, order, or proceeding" under Rule 60(b). *Exp.-Imp.*, 2017 WL 6398726, at *3; *see also Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 527 (N.D.N.Y. 1995) ("It is within the plenary power of the court to review its interlocutory orders to afford such relief from them as justice requires, and this power is not affected by Rule 60(b)." (internal quotation marks and citations omitted)). The July Order is non-final under Rule 54(b) because it "adjudicates fewer than all the claims" at issue in the case. *See* Fed. R. Civ. P. 54(b).

The Court has performed an *in camera* review of the settlement agreement and finds that the interests of the parties are well-served by vacatur of the July Order. "Vacatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest." *Holotouch, Inc. v. Microsoft Corp.*, 2018 WL 11222930, at *1 (S.D.N.Y. July 17, 2018) (internal

alterations and quotation marks omitted).  And, "settlements have always been looked on with favor in the [c]ourts."  *PHL Variable Ins. Co., v. Hersko*, 2012 WL 13103132, at *3 (E.D.N.Y. Mar. 21, 2012) (internal alterations omitted).  Here, the joint motion to vacate the July Order indicates a mutual benefit to both parties.  Even though the July Order provided Shron with a favorable ruling, she nonetheless seeks vacatur of the July Order to facilitate settlement, and thus presumably believes that there is a benefit to settling the case at this point in the litigation.  *Exp.-Imp.*, 2017 WL 6398726, at *3; *Holotouch, Inc.*, 2018 WL 11222930, at *1.  Similarly, LendingClub received an unfavorable decision, and the benefit to it of vacatur of that decision "can become a bargaining chip in settlement discussions."  *PHL Variable Ins. Co.*, 2012 WL 13103132, at *3; *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 496 (S.D.N.Y. 1994) ("A significant benefit to the parties is that a vacated order is not binding on the parties in future litigation; this benefit to the losing party can become a bargaining chip in settlement discussions.").

The Court finds that no countervailing public interests warrant denial of vacatur of the July Order.  The public interest is served by conserving judicial resources, which settlement accomplishes.  *Exp.-Imp.*, 2017 WL 6398726, at *4.  Moreover, the development of decisional law will not be impeded by vacatur because district court decisions are not treated as binding precedents in other cases.  *Holotouch, Inc.*, 2018 WL 11222930, at *2 (citing *IBM Credit Corp.*, 848 F. Supp. at 497).

The Court notes, however, that pursuant to the terms of the settlement agreement, LendingClub is required to take certain steps after the Court vacates the July Order prior to Shron's dismissal of the action.  In fact, its failure to take these steps will nullify the agreement, and will prevent the parties from resolving the dispute between them.  Thus, although the Court's vacatur of the July Order is a necessary to facilitate a settlement, it does not guarantee that a settlement will, in fact, occur.

Accordingly, the Court's July Order is VACATED to the extent that: (i) the parties fulfill their obligations under the terms of the settlement agreement and submit a stipulation of settlement, (ii) Shron submits a notice of dismissal, and (iii) another court of competent jurisdiction does not vacate the settlement agreement.  By **December 11, 2020**, the parties are directed to file a joint letter indicating the status of settlement discussions.

The Clerk of Court is directed to vacate the order at ECF No. 23 and terminate the motion at ECF No. 35.

SO ORDERED.

Dated: November 30, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge